[Cite as *State v. Jones*, 2021-Ohio-1920.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 20 CAA 09 0037 |
| RUSSELL JONES | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Delaware County Court
of Common Pleas, Case No. 20 CRI
020131

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT ENTRY:          June 2, 2021

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

MELISSA A. SCHIFFEL                     APRIL F. CAMPBELL
Delaware County Prosecutor             Campbell Law, LLC
                                                        46 ½ N. Sandusky Street
ELIZABETH A. MATUNE                   Delaware, Ohio 43015
Assistant Prosecutor
70 N. Union Street                           RUSSELL JONES
Delaware, Ohio 43015                       Lake Erie Correctional Institute
                                                        501 Thompson Road
                                                        Conneaut, Ohio 44030

*Hoffman, P.J.*

{¶1}　Defendant-appellant Russell Jones appeals the judgment entered by the Delaware County Common Pleas Court convicting him of domestic violence (R.C. 2919.25(A)) upon a plea of guilty and sentencing him to fourteen months incarceration. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}　Appellant was indicted by the Delaware County Grand Jury with abduction and domestic violence.　The domestic violence charge was a fourth degree felony because Appellant was previously convicted of domestic violence in Mount Vernon Municipal Court.

{¶3}　The case proceeded to a plea hearing based on a plea agreement. Appellant was to plead guilty to the charge of domestic violence, in return for which the State would dismiss the charge of abduction.

{¶4}　Appellant appeared by video conference at the plea hearing due to the Covid-19 pandemic.　The trial court entered into a plea colloquy with Appellant.　During the colloquy, Appellant claimed he never laid "one finger" on the victim.　The trial court asked about the possibility of an Alford plea due to Appellant's claim of innocence.　The State recommended the matter be set for trial.

{¶5}　The trial court asked the State to proffer facts. The State reported Appellant became intoxicated on the date in question and got into an argument with the victim, during which he threatened to kill her, choked her, and smacked her across her face, throwing her to the ground.　When the trial court asked Appellant if those facts were accurate, Appellant responded affirmatively.　When asked if he was being forced to enter

a plea, Appellant stated, "Well, I'll leave it at that, Your Honor. No one's forcing me to do this?" Plea Tr. 18.

{¶6} Counsel for Appellant interjected, stating Appellant's hesitation was a result of the fact he was pleading guilty to domestic violence in order to avoid the larger penalty carried by the abduction charge. The State represented it was not willing to keep the plea agreement in place unless Appellant entered a plea of no contest or guilty.

{¶7} Appellant then spoke privately with counsel. When proceedings resumed on the record, counsel for Appellant told the court the evening in question was "not one of the great moments" of Appellant's life, and Appellant wanted to make it clear his actions were "nowhere as mean-spirited and severe and questionable" as the victim alleged. Plea Tr. 21. Appellant stated he wanted to plead guilty. The court engaged in the Crim. R. 11 colloquy. The trial court reiterated to Appellant he was pleading guilty to causing or attempting to cause physical harm to the victim by choking and slapping her. He agreed he was conceding to those facts. The trial court found Appellant guilty of domestic violence based on his plea, and the State dismissed the charge of abduction.

{¶8} The matter was set for sentencing. At the sentencing hearing, Appellant apologized to the court and the victim. He told the court he had been studying the law with respect to the underlying conviction which elevated the instant conviction from a misdemeanor to a felony, and he believed his earlier conviction could not be used as enhancement because he entered a plea of no contest to that charge. He stated he raised this matter to his attorney, and his attorney was "basically working against me." Sent. Tr. 26. The trial court imposed a fourteen month sentence for domestic violence,

and imposed a sentence of twelve months for a community control violation, which is not the subject of this appeal.

{¶9} Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), *rehearing den.*, 388 U.S. 924, indicating the within appeal is wholly frivolous.

{¶10} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶11} Appellant's counsel has filed a brief identifying four arguably meritorious issues in the record: the trial court erred in accepting Appellant's plea, the trial court erred in sentencing, trial counsel was ineffective, and the trial court erred in allowing Appellant to appear by videoconference.

{¶12} Appellant has filed a pro se brief, arguing the trial court erred in accepting his plea, the trial court did not inform him of his right to be present in the courtroom for

sentencing, the judge falsified a judgment entry of his prison sentence, trial counsel was ineffective, and appellate counsel should not have filed an *Anders* brief.

{¶13}  We find Appellant's counsel has followed the procedures required by *Anders*.

{¶14}  After independently reviewing the record and considering the issues raised in the brief filed by Appellate counsel and those raised by Appellant's pro se brief, we agree with Counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Delaware County Court of Common Pleas.

By: Hoffman, P.J.
Delaney, J.  and
Wise, Earle, J. concur